# WINSTON & STRAWN LLP

SUITE 718, CHINA WORLD OFFICE 1
1 JIANGUOMENWAI AVENUE
BEIJING 100004, CHINA

214 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA 28202-1078

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHÔNE
1204 GENEVA, SWITZERLAND

GLOUCESTER TOWER
11TH FLOOR
THE LANDMARK
15 QUEEN'S ROAD CENTRAL
HONG KONG, CHINA

99 GRESHAM STREET
LONDON, EC2V 7NG, UK

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

+1 (212) 294-6700

FACSIMILE +1 (212) 294-4700

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

SUITE A350, 4 STASOVOY STREET
MOSCOW, 119071, RUSSIAN FEDERATION

ONE RIVERFRONT PLAZA, SUITE 730
NEWARK, NEW JERSEY 07102-5401

25 AVENUE MARCEAU, CS 31621
75773 PARIS CEDEX 16, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5802

UNITS 3105-3106, SHANGHAI KERRY CENTRE
1515 NANJING ROAD WEST
JINGAN, SHANGHAI 200040, CHINA

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

August 3, 2010

**BY ELECTRONIC FILING**
**AND HARD COPY VIA FEDERAL EXPRESS**

Hon. E. Thomas Boyle
Magistrate Judge
United States District Court for the
 Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

    Re:  *DeSilva v. North Shore-Long Island Jewish Health System,*
       No. 10-cv-01341(JFB)(ETB)

Dear Judge Boyle:

    This letter is submitted on behalf of defendants North Shore-Long Island Jewish Health System, et al. ("North Shore-LIJ"), in connection with the above-captioned litigation.

    North Shore-LIJ respectfully writes to notify the Court of a discovery dispute between the plaintiffs and North Shore-LIJ.  The dispute concerns subpoenas that the plaintiffs will serve on two third-parties, the American Nurses Association and the National Database of Nursing Quality Indicators.  The subpoenas seek to compel depositions and the production of documents from both third-parties.  They are attached as Exhibit 1.

    It is North Shore-LIJ's position that the plaintiffs' subpoenas are in violation of Federal Rule of Civil Procedure 26(d)(1), which prohibits "discovery from any source before the parties have conferred as required by Rule 26(f)," subject to specific exceptions not applicable to this case.  The parties have not yet held a Rule 26(f) discovery conference.

Hon. E. Thomas Boyle
August 3, 2010
Page 2

We have conferred with plaintiffs' counsel regarding this dispute. On July 27, 2010, we notified plaintiffs' counsel that we believed Rule 26(d) placed a hold on all discovery until the Rule 26(f) conference was held, and attempted to schedule such a conference with counsel. In response, plaintiffs' counsel informed us that although they would not schedule a discovery conference at this time, they would proceed with serving the subpoenas because their subpoenas are not discovery devices.

We disagree with plaintiffs' counsel. The subpoenas do seek discovery in violation of Rule 26(d) because they self-evidently compel third-parties to appear and testify at depositions and to produce documents and electronically stored information.[1] Regardless of the label plaintiffs' counsel attempts to attach to the *form* of their request, the *substance* of their subpoenas is nothing if not discovery.

Unsurprisingly, the Eastern District of New York has found that third-party subpoenas seeking discovery are subject to the restrictions of Rule 26(d). *See Molefi v. Oppenheimer Trust*, No. 03-cv-5631(FB)(VVP), 2007 WL 538547, *4 (E.D.N.Y. Feb. 15, 2007) (noting, with respect to a third-party subpoena served pre-answer, that counsel "should have known of the futility of such an effort since Rule 26(d), subject to certain exceptions not applicable here, expressly bars discovery 'from any source before the parties have conferred as required by Rule 26(f)'—an event which obviously did not take place here.") (quoting Rule 26(d)); *Bodkin v. Garfinkle*, No. 05-cv-4306, 2007 WL 1288078, *3 (E.D.N.Y. April 30, 2007) (noting in its discussion of the procedural history of the case that the Magistrate Judge quashed third-party subpoenas because they were served prior to the Rule 26(f) conference) (The Order quashing the subpoenas is attached as Exhibit 2).

This Court has ample authority to enforce compliance with discovery procedures. *See Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002) ("Even in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs."); *Wapnick v. United States*, No. 95-cv-2025, 2002 WL 985571, *5 (E.D.N.Y. March 28, 2002) ("Whether acting pursuant to their inherent power or to Rule 37 of the Federal Rules of Civil Procedure, district courts have wide discretion to punish failures to conform to the rules of discovery.").

For all the above reasons, North Shore-LIJ respectfully requests that the Court quash the plaintiffs' subpoenas and enjoin the plaintiffs from engaging in any further discovery until the Rule 26(f) conference is held.

Due to the length of the subpoenas attached as an exhibit, this letter motion is being filed electronically and in hard copy pursuant to Your Honor's Individual Motion Practice Rule 1.A.

---

[1] Among the information that plaintiffs seek to have produced is employee-related material protected by confidentiality agreements between North Shore-LIJ and the subpoena recipients.

Hon. E. Thomas Boyle
August 3, 2010
Page 3

                                        Respectfully submitted,

                                              /s/ Anthony J. D'Auria

                                        Anthony J. D'Auria

cc:    Justin M. Cordello, Esq.
        James N. Thomas, Esq.
        Michael Lingle, Esq.